# CASES

## DETERMINED IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF VERMONT.

---

## FRANKLIN COUNTY, DECEMBER TERM,
## A. D. 1801.

---

PRESENT,

*JONATHAN ROBINSON,* Chief Judge.
*STEPHEN JACOB,* Assistant Judge.

---

## STATE *against* J. B.

THIS was an indictment for perjury, in swearing falsely in a certain deposition sworn to before *Jonathan Hoit,* Esquire, one of the Justices of the Peace of *Franklin* County, on the 9th *September,* 1796; which deposition was taken to be used, and was used in a cause then pending in *Chittenden* County Court, wherein one *Lamphire* was plaintiff and one *Brown* defendant. The indictment contained the usual averments of the materiality of the facts sworn to by the was not estopped by his *viva voce* testimony from shewing the verity of the facts stated in the deposition in his defence.

On trial upon an indictment for perjury in swearing falsely to a deposition, the facts stated in the deposition appeared to be true; but after making the deposition the deponent had testified on the stand that they were not true, the prisoner

State
v.
J. B.

deponent, and then negated them. And so the grand jurors aforesaid on their oath say, that the said *J. B.* in the testimony given in said deposition, so by him, &c. then and there committed wilful and corrupt perjury, contrary to the form, &c. and against the peace and dignity of the State.

Plea not guilty, and issue to the Jury.

It appeared in evidence, that the deposition was regularly taken by Mr. Justice *Hoit*, sealed up and sent to *Chittenden* County Court, there opened, and read in the trial between *Lamphire* and *Brown.* Before the cause was closed to the Jury, *J. B.* the deponent, was sent for, and made his personal appearance in Court. He was then sworn; and testified that a certain conversation which he had sworn to in his deposition had never happened. He was asked if he had never given a deposition in the cause, and he acknowledged he had, and said, that what he had sworn to in that deposition was undoubtedly true. It appeared that the facts stated in his deposition were material in the cause in issue between *Lamphire* and *Brown*, and that they were true, and consequently what he had sworn to in Court was false.

The State Attorney now contended, that as the prisoner had in open Court solemnly testified to the falsity of the facts stated by him in his deposition, he was estopped from shewing the truth of them in his present defence.

*Sed per Curiam.* The prisoner is on trial for testifying to certain facts stated in a deposition made by him before a magistrate. The truth of those stated

facts is negated in the indictment, and it appears in evidence that they are true. As a general rule, this is certainly good shewing in defence on an indictment of this nature.

If the prisoner was guilty of perjury in his *viva voce* testimony, he may yet be indicted for it. Perhaps it might have been more correct to have inserted other counts in the indictment charging the prisoner with perjury when on the stand. It would be carrying the doctrine of estoppel very far, to exclude the prisoner from shewing the verity of the facts testified by his deposition, because he falsified them by his *viva voce* testimony in the same cause, and thus to convict him of perjury in swearing to *the truth* in a deposition, and then leave him exposed to another indictment for perjury in testifying falsely on his appearance upon the stand.

The Jury found the prisoner not guilty."*

*Levi House*, for the State.
*Amos Marsh* and *W. C. Harrington*, for the prisoner.

---

* Reported from Judge *Robinson's* minutes.