## THE PEOPLE *vs.* BURDEN.

Where a defendant, by a subsequent deposition, expressly contradicts and falsifies a former one made by him, and in such subsequent deposition expressly admits and alledges that the former one was intentionally false, at the time it was made; or in such subsequent deposition testifies to such other facts and circumstances *as to render the corrupt motive apparent,* and negative the probability of mistake, in regard to the first, he may be properly convicted upon an indictment charging the first deposition to be false, without any other proof than that of the two depositions. SELDEN, J. dissented.

A trial and conviction upon such an indictment would be a complete bar to

any further or other prosecution for the same perjury, in whichever deposition it may in fact have been committed. SELDEN, J. dissented.

INDICTMENT for perjury, tried at the Livingston oyer and terminer, in May, 1850. The defendant was indicted for perjury, in testifying before the grand jury, by which testimony he procured one Isaac Divine to be indicted for forgery, in uttering counterfeit money. On the trial of Divine, the defendant testified to an entirely different state of facts, and in addition thereto testified that his evidence before the grand jury was false, and that the reason why he there testified falsely was, that he was advised to do so, and did it to save himself from going to the state's prison; but that his evidence then was the truth, before God and man. There was no proof in the case, besides the evidence of what the defendant testified to before the grand jury and on the trial of Divine. The justice charged the jury that if they believed the last testimony to be true, they would be warranted in finding the defendant guilty. That inasmuch as the defendant had himself testified to the falsity of the evidence given by him before the grand jury, and assigned the motive for so doing, the jury would be warranted in taking his last evidence as true; and if they so found, of rendering a verdict of guilty.

*A. A. Hendee,* (district attorney,) for the people.

*James Woods, Jr.* for the defendant.

JOHNSON, J. This case comes to the general term on exceptions to the charge of the justice upon the trial, that the jury would be warranted in finding the defendant guilty upon his own statement under oath, if they believed such statement to be true.

This part of the charge is supposed to be in conflict with the rule that the testimony of one witness, uncorroborated, is not sufficient to convict a person charged with perjury, as there is in such case only oath against oath.

The rule is too familiar and well settled to need the citation of authorities in its support, that on a trial for perjury, the per-

The People *v.* Burden.

jury assigned must be established by two witnesses; or by one witness and proof of other facts and circumstances in corroboration of the evidence of such witness. If there is but one witness to prove the allegation of falsity, it is but oath against oath, and it must be doubtful on which side the truth lies; and the jury are bound to acquit. This is a very ancient and sound rule, and the reason of it is quite obvious; and where it properly applies, is never to be departed from. But it is not one of universal application. Like all other general rules, it has its exceptions; and the exceptions serve but to show the fitness and value of the rule.

This rule does not apply where the evidence consists of the contradictory oath of the party accused. (2 *Russ. on Crimes*, 545. *Roscoe's Cr. Ev.* 824.) It is said in Roscoe's Criminal Evidence, 826, that where depositions contrary to each other have been emitted in the same matter by the same person, it may with certainty be concluded that one or the other is false; and that it is the duty of the public prosecutor to specify distinctly which of the two contains the falsehood, and peril his case upon the means he has of proving perjury in that deposition. This of course is to be taken with the qualification that the accused, at the time of making each deposition, knew what the truth was, and knowingly testified untruly. Otherwise the case of counter depositions would be liable to the objections given by the same author at page 825, as stated by Holroyd, justice, that "a person might very honestly and conscientiously swear to a particular fact from the best of his recollection and belief, and from other circumstances at a subsequent time, be convinced that he was wrong, and swear to the reverse without meaning to swear falsely either time." The true rule on this subject, as I conceive, was that contended for by Jones' counsel, in *Rex* v. *Knill*, (5 *Barn. & Ald.* 929,) namely, that mere proof of a contradictory statement by the defendant on another occasion, is not sufficient, without other circumstances showing corrupt motive, and negativing the probability of any mistake.

In the case before us, the probability of mistake is expressly negatived by the defendant himself, and the corrupt motive dis-

closed by his voluntary oath. And in this respect the case is much stronger than any reported case where a person has been convicted upon proof of his own contradictory oaths merely. The reasons for this exception to the general rule are better stated in the observations read from Mr. Justice Chambers' Precedent Book, on the trial of *King* v. *Harris*, (5 *Barn. & Ald.* 926, *note*,) than I have seen them elsewhere. After stating that in case of contradictory oaths, where the perjury was assigned upon one of the oaths, the defendant may be justly convicted without any other proof of the perjury than producing and proving the other deposition which the defendant made in contradiction to the one on which the perjury is assigned, it is said, " for it being the defendant's own deposition, he can not be admitted to say the deposition was false ; for *nemo allegans turpitudinem suam est audiendus*, and if that be true, the other on which the perjury is assigned must of course be false. [The reason why in other cases the perjury must be proved by witnesses that outweigh the testimony of the defendant, is because where there is only oath against oath, it stands in suspense on which side the truth lies. But when the same person has by opposite oaths asserted and denied the same fact, the one seems sufficient to prove the other.] And with respect to the defendant, (who can not contradict what he himself has sworn,) is a clear and decisive proof, and will warrant the jury in convicting him on either ; for whichsoever of them is given in evidence to disprove the other, it can hardly be in the defendant's mouth to deny the truth of that evidence, as it came from himself." This is stating the rule, perhaps, rather too strongly, and without the qualification necessary to make it entirely safe. It should be added, I think, that enough should appear either in the evidence used to establish the perjury, or by proof of other facts and circumstances, to show a corrupt motive, and negative the probability of mistake in that on which the perjury is assigned. With this qualification, or rather addition, the rule would be, it seems to me, not only safe but eminently just and salutary. Not that a defendant would be absolutely estopped from proving the truth of the oath alledged to be false, upon any rule of *estoppel* as

The People *v.* Burden.

applied in civil actions; but merely that his testimony in which he has assigned and located the perjury in his former evidence, is to be taken as true, as against himself, until the contrary is established by proof. Until disproved it is conclusive against him. But he may show, notwithstanding his oath to the contrary, that the evidence charged to be false, was in fact true. (*State* v. *J. B.*, 1 *Tyler*, 269.) I have not been able to find a single case in this country where this question has arisen, and none were cited upon the argument. In England, however, the question has frequently arisen, and convictions been had upon no other evidence than proof of the contradictory statements under oath. The first case I have been able to find is that of *Rex* v. *Thorogood*, (8 *Mod.* 179.) The defendant made an affidavit in the court of common pleas, and afterwards being summoned to appear in court, came there and confessed it to be false. The court recorded the confession, and ordered that he should be taken into custody and put in the pillory. In answer to the objections of the defendant's counsel, it was argued and held that any court might punish such a criminal for an offense committed *in facie curiæ*.

The next is an anonymous case of a person convicted at Lancaster assizes in 1764, by Yates, justice. The defendant had made his information upon oath before a justice, that three women were concerned at a riot, at his mill, which was dismantled by a mob. Afterwards, at the sessions, when the rioters were indicted, he was examined as to the three women, and having been tampered with in their favor, then swore that they were not in the riot. There was no other evidence to prove the perjury assigned than the defendant's information upon oath. He was convicted and transported; and afterwards Mansfield, chief justice, and Wilmot and Aston, justices, to whom Yates stated the reasons of his judgment, concurred in his opinion. See note to *King* v. *Harris*, (5 *Barn. & Ald.* 926,) where this case is stated, and a precedent for such an indictment given from the precedent book of Chambers, justice. (2 *Russ. on Crimes*, 545, *Roscoe's Crim. Ev.* 824.)

Another case is that of *Rex* v. *Knill*, (5 *Barn. & Ald.* 929,)

The People v. Burden.

where the defendant was convicted of perjury, charged to have been committed in examination before the house of lords. The only evidence was a contradictory examination of the defendant before the house of commons. On a motion for a new trial, the court held that the evidence was sufficient, the contradiction being by the party himself; and that the jury might infer the motive from the circumstances. None of these cases are as strong as the one before us. Here is not only the contradictory statement of the party himself, but his farther statement on oath, in open court, that the evidence charged in the indictment to be false, was willfully and corruptly false.

There is no ground on which any presumption can be raised that he might have been mistaken. This presumption is all conclusively negatived by the oath of the defendant. Here is every thing made out clearly by the party, which the defendant's counsel in *Rex* v. *Knill* contended for, except the point that two witnesses are necessary. This case, I conceive, steers entirely clear of all the cases relied upon by the defendant's counsel, and the rule as laid down in Greenleaf's Evidence, 296. The substance of the whole is, that where there is no proof, other than the mere contradictory statements, it is not sufficient, as was said by Tindal, C. J. in *Reg*. v. *Hughes*, (1 *Car. & Kir.* 527.) "If you merely prove the two contradictory statements on oath, and leave it there, non constat which oath is the true one." This case was relied on by the defendant's counsel, but it is not in point. Tindal, C. J. held that there was such doubt as to whether the defendant might not have been under the impression that the property was hers, at the time she testified, as to warrant an acquittal. And he lays down the true rule, that in order to warrant a verdict of guilty, the jury must be satisfied in a case of that kind that the statement was not only false, but willfully false, to the knowledge of the party making the oath. *King* v. *Harris*, (5 *Barn. & Ald.* 526,) is no authority against the position I have assumed. The only question in that case was whether a conviction could be sustained upon an indictment which set out the two contradictory oaths, alledging that in both instances the defendant swore knowingly and

The People *v.* Burden.

deliberately, but did not charge on which particular occasion the defendant swore false. It was a general allegation of perjury, without assigning it to either oath in particular. And the court held that perjury could not be legally charged and assigned in such a case, without averring and showing in which of the two depositions the falsehood consisted. One objection was, that it was bad in form; and another, that the defendant could not plead his conviction or acquittal on such an indictment, as a bar to an indictment charging perjury, in the usual way, on either of the depositions. These were the only points raised or decided in that case. It is to be remarked that this case arose out of the same transaction as that of *Rex* v. *Knill*, in which the same court held the conviction good upon the count's charging the perjury to have been committed in the examination before the house of lords. And that the court do not attempt to lay down any different rule, or question the one adopted in that case.

The case of *Regina* v. *Wheatland*, (8 *Carr. & Payne*, 238,) merely holds that proof of two contradictory statements under oath is not sufficient to convict, without showing to the satisfaction of the jury that the one charged in the indictment to be false was the false one. In none of these cases, nor in any case or treatise that I have found, is the rule adopted in *Rex* v. *Knill* overruled or questioned. But it is unnecessary to go the length of upholding that case, to sustain this conviction. There the court held that the jury might infer the motive from the circumstances of the case. Here we have the positive proof of the corrupt motive, from the mouth of the defendant, under oath. There is no necessity or room for inference, unless we are to presume that the falsehood consisted in the evidence of the defendant, in which he expressly admits the perjury, and assigns the motive. I scarcely think in such a case as this the defendant can drive us to this extraordinary assumption, or decently insist upon it. It seems to me to be a case upon which a conviction and sentence may be quite as safely based as upon a defendant's verbal plea of guilty, in open court. Here are superadded to the admission of guilt the solemnity and responsibility of an oath to speak the truth on the trial of a person whose liberty and character,

by his former oath before another and different tribunal, he had put in jeopardy.

It would be a strange anomaly indeed if a defendant, neither by his admissions nor his oath, could furnish sufficient evidence to convict himself of this offense in a case where the *corpus delicti* is so manifest. The soundness of the rule has never been questioned, that where there is one witness to prove a contrary state of facts, there the confessions of the defendant, or a letter written by him, or a bill of costs delivered, contradicting the statement on oath, renders it unnecessary to have a second witness. (*Mayhew's case*, 6 *Car. & P*. 315.) In such case there is but the oath against oath, with the addition of the admission. It must be admitted that the oath of the party himself, testifying to a different state of facts, is quite as strong evidence, to say the least, as that of any one other witness. Here then we have not only the oath against oath, but the admission, not casually made, not by letter or the mere delivery of a paper, inconsistent with the oath, it is true, but under the solemn sanction of an oath, that the first testimony was intentionally false. I confess that the case in every aspect, as the evidence stood before the jury, seems to me too clear for demonstration. And the reasons why the rule which requires two witnesses, or one witness and proof of other corroborating circumstances, in ordinary cases, to convict of perjury, does not apply in a case like this, where every thing is furnished by the oath of the party himself, must, I think, be sufficiently obvious.

Again; it was urged upon the argument that if this conviction was allowed to stand, the defendant would be liable, notwithstanding, to be indicted and tried for perjury in his last testimony on the trial of Divine, and could not plead this trial and conviction in bar, and that he would thus be liable to be put twice in jeopardy for the same matter. A very slight attention to this position will show its unsoundness. The same objection was urged in arrest of judgment in *The King* v. *Harris*, where the indictment did not aver or charge which of the two depositions was the false one, and upon that ground mainly, the rule to arrest was made absolute. While in the other case of *King* v. *Knill*,

The People *v.* Burden.

where several of the counts assigned and charged the perjury to have been committed in the deposition before the house of lords, and the defendant was convicted on those counts, the rule was refused. It is plain that the rule was very properly applied in the case of *King* v. *Harris*, and equally so that it has no application here. There the court held that the public prosecutor ought to have charged in which particular deposition the perjury lay, and periled his case upon his means of proving that averment. And it was because the perjury was not assigned or located any where that the defendant would be liable to be tried upon an indictment charging the perjury to be in either one of the depositions. The jury had convicted the defendant upon a general allegation of perjury, without being called upon to determine which was the true and which the false of the two contradictory depositions. Assuming that the defendant testified knowingly, and without mistake, on each occasion, the one was necessarily true and the other as necessarily false; and the prosecutor had not charged nor had the jury found which. Neither the truth nor the falsity of either particular deposition had been tried, nor any issue formed upon it. Not so here: the indictment charged the perjury to have been in the deposition before the grand jury, and upon that issue is taken, and that issue has been tried. The indictment sets out the material evidence in both depositions, charges the one to be false, and necessarily assumes the other to be true. The cause was tried upon the charge, and the jury have found that the last deposition was true and the first false. The case was put to the jury whether they believed the last deposition to be true, and if so, they had the right to convict. This they have found. Only one deposition could by any probability be false. The prosecutor has charged and the jury found which was false, and the truth of the other is just as conclusively established. It is preposterous to urge that the public prosecutor could now turn around and predicate an indictment upon the alledged falsity of the last deposition and bring the defendant to trial upon it, or in any way put him in jeopardy. This conviction would be the most complete and effectual bar that can be imagined. If it could be done, would the same evidence given

The People *v.* Burden.

on this trial convict? By no means; because the evidence given on this trial explicitly declares the last deposition to be true and the first false. But I think it very clear that this trial and conviction are a perfect bar to any farther prosecution for the manifest perjury committed by the defendant, whether this conviction is sustained or not. He might be tried over on this indictment, but no new prosecution could be instituted for perjury in the other deposition. My conclusions therefore are, 1. That where a defendant, by a subsequent deposition expressly contradicts and falsifies a former one made by him, and in such subsequent deposition expressly admits and alledges that such former one was intentionally false at the time it was made; or in such subsequent deposition testifies to such other facts and circumstances as to render the corrupt motive apparent, and negative the probability of mistake, in regard to the first, he may be properly convicted upon an indictment charging the first deposition to be false, without any other proof than that of the two depositions. 2. That a trial and conviction upon such an indictment would be a complete bar to any farther or other prosecution for the same perjury, in whichever deposition it may in fact have been committed. The conviction should therefore be affirmed, and a new trial denied.

WELLES, J. concurred.

SELDEN, J. dissented.

New trial denied.