## PEOPLE v. GILLMAN.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. CRIMINAL LAW (§ 535*)—CONFESSIONS—PROOF OF CORPUS DELICTO.

Under Code Cr. Proc. § 395, providing that accused's confession is not sufficient to warrant conviction without additional proof that the crime charged has been committed, to convict for petit larceny the fact of the larceny must be proved by evidence other than accused's confession.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1225, 1226; Dec. Dig. § 535.*]

2. WITNESSES (§ 37*)—EVIDENCE—OPINION EVIDENCE.

Evidence, by one having no personal knowledge on the question, that a shirt waist had been stolen from a store, was properly stricken in a prosecution for stealing the shirt waist.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 80–87; Dec. Dig. § 37.*]

Appeal from Court of Special Sessions of City of New York.

Daniel Gillman was convicted of petit larceny, and appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

William D. Bosler, of New York City, for appellant.

Robert S. Johnstone, of New York City, for the People.

SCOTT, J. The appellant, a lad 16 years of age, was convicted of the crime of petit larceny in the Court of Special Sessions in the City of New York. He was charged with having stolen a shirt waist, the value of which was not proven, from a department store in which he was employed. The sole evidence against him was testimony of confessions made by him to one Wade, the special officer, employed in the department store, and one Stein, a police officer. The appellant denied both the confessions and the commission of the crime.

[1, 2] If there was nothing in the case except a question of veracity between the appellant and the witnesses for the prosecution, we should hesitate to disturb the judgment. There is an objection to it, however, which is insuperable. Section 395 of the Code of Criminal Procedure provides that the confession of a defendant "is not sufficient to warrant a conviction without additional proof that the crime charged has been committed." To apply that section to this particular case it was necessary, to warrant a conviction, that the fact of the larceny should be proven by evidence aliunde the defendant's confession. No such proof is shown by the record. The witness Wade undertook to testify that a shirt waist had been stolen, but it was evident that he had no personal knowledge on the subject, and his evidence in that regard was properly stricken out, which left the case entirely devoid of proof of the larceny except the alleged confession of the appellant.

The judgment appealed from must be reversed, and new trial ordered. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes