## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### April 9, 1920.

### THE PEOPLE v. HARRY GLASS.

(191 App. Div. 483.)

(1) PERJURY—INDICTMENT CHARGING THAT STATEMENT BY DEFENDANT ON CROSS-EXAMINATION ON TRIAL OF ANOTHER WAS FALSE—EVIDENCE INSUFFICIENT.

Where it is charged in an indictment that the testimony of the defendant, upon his cross-examination on the trial of another, which he asserted

was true, was perjury, testimony of the court stenographer that the defendant admitted on his cross-examination that his contradictory testimony on direct examination was false, is insufficient to establish the commission of the crime charged.

(2) SAME—PENAL LAW, SECTION 1627, NOT APPLICABLE.

Section 1627 of the Penal Law, providing that "In any prosecution for perjury the falsity of the testimony or statement set forth in the indictment shall be presumptively established by proof that the defendant has testified, declared, deposed or certified under oath to the contrary thereof in any other written testimony, declaration, deposition, certificate, affidavit or other writing by him subscribed," is only applicable in cases where the previous contradictory statement was in writing subscribed by the defendant. Nor can it refer to a case where the second statement is part and parcel of one oral examination in which counsel upon cross-examination succeeds in breaking down the direct evidence, compelling the witness to admit the truth.

(3) SAME—FAILURE TO INTRODUCE IN EVIDENCE INDICTMENT FOR TRIAL IN WHICH PERJURY WAS ALLEGED TO HAVE BEEN COMMITTED.

The case for the prosecution was also defective because the indictment on the trial in which the alleged perjury was committed was not offered in evidence; without the indictment it was impossible to determine whether the evidence was material.

(4) SAME—IMPROPER AND PREJUDICIAL REMARKS BY PROSECUTING ATTORNEYS IN SUMMING UP.

It was improper and prejudicial for the prosecuting attorney in his summing up to call upon the defendant who had not taken the witness stand, over the protest and exception of his counsel, to explain the charge made against him, stating that the defendant was the only man who knew the reason for his changed testimony on the first trial.

APPEAL by the defendant, Harry Glass, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 20th day of January, 1919, convicting him of the crime of perjury.

*Otho S. Bowling,* for the appellant.

*Denis O'Leary, District Attorney (Harry Van Alst* with him on the brief), for the respondent.

KELLY, J.:

The only evidence in the record before us that the defendant committed the perjury charged in the indictment is found

in the testimony of the stenographer of the County Court of Queens county that upon a trial in that court in the year 1918, this defendant, called as a witness for the prosecution, upon direct examination identified one Mauphet, then on trial as a man engaged in the commission of a crime, while upon cross-examination he confessed that the identification was false and that the man on trial was not one of the persons who committed the offense. He offered various explanations for the changed testimony, but the jury either accepted his evidence on cross-examination, or refused to convict upon such contradictory statements, and acquitted the man then on trial. It is charged in the indictment now before this court, not that the testimony upon direct examination was false, as he confessed, but that his testimony upon cross-examination, which he asserted was true, was perjury. It was also proved upon the trial now before this court for review, that previous to the original trial in the County Court, the defendant had testified before the grand jury that he saw the man accused engaged in the commission of the crime, that before a magistrate he had sworn that he saw the parties and could identify them and that at a police station he pointed out the original defendant as one of the men.

But no evidence was offered at the trial of this defendant beyond the fact of his contradictory statements. The district attorney did not attempt to prove the facts concerning the original crime, the indictment was not offered in evidence, it was not shown that a crime had been committed, that the man accused and subsequently acquitted was in fact a party to the offense, or that the original identification was true.

It is suggested that the contradictory statements under oath of themselves are presumptive evidence of defendant's guilt. But the defendant has not been indicted for making contradictory statements. The indictment charges that his statement on cross-examination that he did not see Mauphet commit the alleged offense, and that Mauphet was not one of the parties

involved in the alleged crime, was false and was perjury.    If the defendant had been indicted for his testimony on his direct examination in which he averred the contrary, then his admission on cross-examination that his direct testimony was false might furnish some evidence to justify conviction under the decision in People v. Burden (Monroe General Term [1850], 9 Barb. 467), where the effect of contradictory statements is considered.    It is provided in the Code of Criminal Procedure, § 395, that a confession of crime by a defendant is not sufficient to warrant his conviction without additional proof that the crime charged has been committed.    In the case at bar, however, the defendant asserted that his statement on cross-examination, which is the subject of the indictment, was true, and there is no evidence that it was untrue save his original story recanted and confessed to be false.    It would seem that there is no proof in this case of the substantial fact that a crime has been committed, no proof of the *corpus delicti*.    In Russell on Crimes (Book VII, chap. 1 [7th ed.], p. 513) the precise question is discussed, and the commentator cites Regina v. Wheatland (8 C. & P. 238), where it was held by Gurney, B. (overruling Rex v. Knill, 5 B. & Ald. 929), that it was not sufficient to prove that the defendant had, " on two different occasions, given directly contradictory evidence, although he might have wilfully done so; " but that the jury must " be satisfied affirmatively that what he swore at the Quarter Sessions was false, and  *   *   *   that would not be sufficiently shown to be false by the mere fact that the defendant had sworn the contrary at another time; it might be that his evidence at the Quarter Sessions was true, and that his deposition before  *   *   *   the magistrate false."    There must, he held, be such confirmatory evidence of the defendant's deposition before the magistrate as proved that the evidence given by the defendant at the trial was false.    And in Regina v. Hughes (1 C. & K. 519), where the prisoner was indicted for perjury in evidence given before a grand jury, and her depo-

sition on the hearing of the charge before the committing mag-
istrate was put in to show that the statement before the grand
jury was false, Tindal, C. J., held that further evidence must
be given; for if the two contradictory statements on oath alone
were proved, *non constat* which was the true one. (See, also,
Whart. Crim. Law [11th ed.], § 1581.)

That this is the rule at common law can hardly be doubted.
The learned trial judge, in the case at bar, read to the jury
section 1627 of the Penal Law: "In any prosecution for
perjury the falsity of the testimony or statement set forth
in the indictment shall be presumptively established by proof
that the defendant has testified, declared, deposed or certified
under oath to the contrary thereof in any other written testi-
mony, declaration, deposition, certificate, affidavit or other writ-
ing by him subscribed." But we fail to see how this provision
of the Penal Law applies to the facts here. This departure
from the common-law rule appears to be allowable only in
cases where the previous contradictory statement was in writing
subscribed by the defendant. Nor can it refer to a case where
the second statement is part and parcel of one oral examination
in which counsel upon cross-examination succeeds in breaking
down the direct evidence, compelling a witness to admit the
truth. In People v. Gillette (126 App. Div. 665, 22 N. Y.
Crim. 400), Mr. Justice McLaughlin, now a judge of the
Court of Appeals, said: "A judicial investigation or trial has
for its sole object the ascertainment of the truth that justice
may be done. It holds out every inducement to a witness to
tell the truth by inflicting severe penalties upon those who do
not. This inducement would be destroyed if a witness could
not correct a false statement except by running the risk of
being indicted and convicted for perjury."

We are also of opinion that the case for the prosecution
was defective because the indictment upon the trial in which
the alleged perjury was committed was not offered in evidence.
The defendant asked that an acquittal be directed upon this

ground and his motion was denied over exception.    Without the indictment it was impossible for the learned trial judge or the jury, as it is for this court, to legally determine that the evidence upon which the conviction was based was a "material matter." (Penal Law, § 1620.)    The record before us also presents very improper and prejudicial remarks by the learned assistant district attorney upon his summing up.    Over the protest and exception of defendant's counsel he called upon the defendant, who had not taken the witness stand, to explain the charge made against him, stating that the defendant was the only man who knew the reason for his changed testimony on the first trial, and he repeated his statement over like objection and exception.

We cannot agree with the learned counsel for the appellant that the indictment should be dismissed and the defendant discharged.    We express no opinion on the guilt or innocence of the defendant.

The judgment should be reversed and a new trial granted.

JENKS, P. J., MILLS, PUTNAM and BLACKMAR, JJ., concur.

Judgment of conviction reversed and new trial granted.