PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* TEN EYCK O. BURLESON, Defendant.

Supreme Court, Steuben County, December, 1921 (Received July, 1922).

Crimes — practice — witness before grand jury may refuse to testify on ground that his testimony may incriminate him — dismissal of indictment founded on illegal and incompetent evidence.

A witness called before the grand jury may refuse to testify on the ground that his testimony will tend to incriminate him.

Where in such case the witness claims his privilege it is improper to read to him in the presence of the grand jury a statement purporting to have been made by him outside of the grand jury which tends to connect him with the charge of crime under the investigation and press him for an answer to the truth of said statement.

All the evidence before the grand jury tending to connect defendant with the crime of abortion was that he was a physician who attended the deceased; that she died at his farm house and that he issued a certificate that the cause of death was lobar pneumonia while two physicians gave it as their opinion that an abortion had been attempted, but whether this attempt had been made by

·the defendant did not appear by any competent evidence. *Held*, that an indictment founded on such evidence in connection with the statements of the witnesses who refused to testify, will be dismissed on the ground'that the indictment was founded upon illegal and incompetent evidence and insufficient evidence, as without said statements, improperly used before the grand jury, there was no evidence to justify the indictment.

MOTION to inspect grand jury minutes and to dismiss indictment for abortion.

*Guy W. Cheney*, district attorney, for plaintiff.

*J. O. Sebring*, for defendant.

RODENBECK, J.   The statute requires that " the grand jury can receive none but legal evidence." Code Crim. Pro. § 256. While the proceedings before the grand jury are not as strict as upon a trial (*People* v. *Willis*, 23 Misc. Rep. 568), nevertheless an indictment cannot stand if it is founded upon illegal or incompetent evidence or upon insufficient evidence. *People* v. *Glen*, 173 N. Y. 395, 400. The evidence upon which the defendant was indicted was in material respects incompetent and the competent and legal evidence was wholly insufficient to warrant the indictment. The witnesses Roscoe and Lucy Elwell refused to testify on the ground that their testimony would criminate them and their refusal should have been respected. N. Y. Const. art. 1, § 6; Code Crim. Pro. § 10; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219; *People ex rel. Lewisohn* v. *O'Brien*, 176 id. 253; *People* v. *Gillette*, 126 App. Div. 665; *People* v. *Lewis*, 14 Misc. Rep. 264. They were not jointly indicted with the defendant and any statements made by them outside the grand jury room which tended to connect them with the crime were inadmissible unless they testified to the contrary. If they had testified voluntarily the statements might have been used to contradict them but they refused to testify and claimed their privilege. The written statements were not signed, were not original evidence and were not competent upon their refusal to testify. The statements themselves were not put in evidence but were read in the presence of the grand jury and tended to prejudice and inflame the jury. When the witnesses refused to answer on the ground that their answers would criminate them, it was improper to read the statements and to interrogate the witnesses with reference to them. Neither of the witnesses swore that the statements were true at the time of testifying. Roscoe Elwell said: " Q. That is substantially true as I read it to you? A. I refuse to answer on the ground it might incriminate me." Lucy Elwell in answer to the question, " Q. You refuse to answer any question on the subject in relation to what was done there in

Bath after you got there? " said: " Yes, sir," and when she was pressed to answer as to the truth of the statement claimed to have been made by her said: " I refuse to answer that." There is no testimony from these two witnesses that these statements were true whatever inference might be drawn from their testimony that they made the statements or that they were true when they were made. They do not say that the statements are now true. There was no waiver of the privilege of these witnesses and they should not have been pressed to answer questions they had the right to refuse to answer. Both of them repeatedly indicated by refusals that they were unwilling to criminate themselves, and their rights under the law should have been respected. Declarations in these statements claimed to have been made by the deceased were inadmissible. *People* v. *Murphy,* 101 N. Y. 126. Furthermore, assuming that the crime of abortion had been committed and accepting the statements as true, these two witnesses were accomplices and other corroborating evidence was necessary tending to connect the defendant with the crime. Code Crim. Pro. § 399; *People* v. *Mayhew,* 150 N. Y. 346; *People* v. *Patrick,* 183 id. 131, 156; *People* v. *O'Farrell,* 175 id. 323, 326. The record must be read as if these statements were not before the jury. They should be disregarded entirely as their introduction before the jury was in violation of a fundamental right of every person not to be convicted on the witness stand out of his own mouth against the assertion of his privilege. If the course taken in this case is to be sanctioned these witnesses have criminated themselves and the jury were remiss in their duty in not indicting them and guilty of partiality in singling out the defendant for indictment. The grand jury hearings are not arbitrary proceedings in which the jury can act without regard to law but are proceedings regulated by law and the grand jury is amenable to law like other public officers. Without the statements of the witnesses Elwell improperly used before the grand jury, there is no evidence to justify the indictment. All the evidence there is to connect the defendant with the crime charged against him is that he was a physician who attended the deceased, that she died at his farm house, and that he issued a certificate that the cause of death was lobar pneumonia while two physicians gave it as their opinion that an abortion had been attempted. Of the physicians who testified from an examination made after the body had been exhumed and an autopsy had been performed, three of them said that they were unable to state that an abortion had been performed while two of them expressed opinions that an attempt at abortion had been made. Whether or not this attempt had been made by the defendant

does not appear by any competent evidence. The hearings before the grand jury must proceed according to the forms of law and indictments should not be found except upon sufficient legal evidence to convict the defendant if uncontradicted or unexplained (Code Crim. Pro. § 258), and if this course is not followed the reputation of any member of a community, however innocent, is not safe from the suspicion and disgrace which follows an illegal indictment. The indictment is dismissed because founded upon illegal and incompetent evidence and upon insufficient evidence.

Ordered accordingly.