THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PHILIP SREBNIK, Defendant.

Court of General Sessions, New York County, June 26, 1931.

*Thomas C. T. Crain, District Attorney [Louis J. Capazolli, Assistant District Attorney, of counsel], for the plaintiff.*

*Kopp, Markewich & Null, for the defendant.*

FRESCHI, J. Defendant moves for a dismissal of the indictment in this case based upon the minutes of the grand jury.

The indictment charges the defendant with the crime of manslaughter in the first degree under section 1050 of the Penal Law, predicated upon an alleged criminal abortion as set forth in the first count, and upon an alleged injury to the deceased as a result of which her death was caused, as alleged in the second count. The " manner and means " by which the miscarriage and the assault were committed are unknown to the People.

The defendant, a licensed physician, professionally treated one Gertrude Harris, the decedent, for kidney trouble. Outside of alleged admissions by the defendant, according to the testimony of relatives of the deceased, that an abortion had been performed by him, there is no proof, direct or circumstantial, in the record that he performed any criminal operation. As a matter of fact, Dr. Thomas Arthur Gonzales, the county medical examiner, witness for the People, testified before the grand jury in answer to the question of Assistant District Attorney Marro: " Q. From all the facts you have, what is your opinion? A. Well, I am of the opinion * * * To tell you the truth, I would not say that it was criminal. That is, from my findings on the autopsy, I cannot say that this was a criminal operation. If there had been evidence of instrumentation it might be different."

There is much hearsay evidence before the grand jury that certainly could not be received at a trial; and it is incumbent upon the district attorney to establish proof of the *corpus delicti.* (*People* v. *Glass*, 191 App. Div. 483; Underhill Crim. Ev. [3d ed.] § 37.) Such proof is absent in this record. Admissions or alleged confessions are insufficient to warrant a conviction without additional evidence that the crime charged has been committed. (Code

Crim. Proc. § 395; *People* v. *Roach*, 215 N. Y. 592; *People* v. *Deacons*, 109 id. 374; *People* v. *Burness*, 178 id. 429; *People* v. *Jaehne*, 103 id. 182; *People* v. *Gillman*, 161 App. Div. 920.)

The testimony before the grand jury does not unmistakably point to the guilt of the defendant; even unexplained or uncontradicted it would not, in my opinion, warrant a conviction by a trial jury. (*People* v. *Razezicz*, 206 N. Y. 249.) At best, the prosecution has presented nothing more than a case of mere suspicion and conjecture. (*People* v. *Van Zile*, 143 N. Y. 368; *People* v. *Burleson*, 119 Misc. 107.) This does not, as a matter of law, overcome the presumption of innocence, which also prevails in the grand jury room (*People* v. *Lindenborn*, 13 N. Y. Crim. Rep. 195), and I, therefore, conclude the grand jury could not legally indict this defendant. (Code Crim. Proc. § 258.)

This indictment is accordingly dismissed and defendant discharged.