The People of the State of New York, Plaintiff, *v.* Saleem Al Hatem, Defendant.

Court of General Sessions of County of New York, February 1, 1949.

*Joseph Shalleck* for defendant.

*Frank S. Hogan, District Attorney* (*Julius Impellizerri* of counsel), for plaintiff.

SULLIVAN, J. The defendant applies for an order permitting and allowing him to inspect the minutes of the Grand Jury which directed an information to be filed against him charging him with the crime of assault in the third degree. This direction, as is required by statute, was duly approved by this court by order made December 13, 1948.

The defendant urges favorable consideration of this application be granted so that he can attack the sufficiency of the information filed against him, charging him with the aforesaid crime. This case is now set for trial in the Court of Special Sessions where it is held pursuant to the direction of this court.

The first question presented by this application is as to the power of this court to order an inspection of the minutes of the Grand Jury where the information is to be tried not in this court but in the Court of Special Sessions.

It is my opinion that this court has ample power to grant such an application. The minutes sought to be inspected are minutes of a Grand Jury of this court. Based on those minutes, a Grand Jury of this court filed the information and recommended a trial in the Court of Special Sessions. This court approved the recommendation of the Grand Jury, and I, therefore, hold that this court has the power to order an inspection in a proper case. It is my opinion that the transfer and removal of the case and

the filing of the information against the defendant confers no jurisdiction on the Court of Special Sessions to grant an inspection of the Grand Jury minutes, nor has this court lost its power to order such an inspection by reason of the transfer to the Court of Special Sessions. As a matter of fact, the Grand Jury minutes remain under the control of this court. See section 952-t of the Code of Criminal Procedure; *People ex rel. Hirschberg* v. *Supreme Court* (269 N. Y. 392, 395); *Matter of Montgomery* (126 App. Div. 72); *People* v. *Levine* (161 Misc. 336); *People* v. *Tumen* (161 Misc. 645).

Having determined that I have jurisdiction to entertain the application, I now turn to the question of the merits of the defendant's application. In passing upon this application, I have followed the rule concerning which I have heretofore written and which has been adopted by the Judges of this court for a considerable period, and that is, to review the minutes of the Grand Jury to determine whether or not the evidence is sufficient to justify the filing of the information. After a careful review of the evidence, it is my opinion that the evidence adduced is wholly insufficient to establish the crime charged in the information.

The only witnesses before the Grand Jury were the complainant and a police officer. The complainant frankly admits that she knows nothing about an assault being committed upon her body, claiming that she was unconscious and the first thing she knew of the alleged assault is the fact that the defendant made a certain admission to her, which need not be reported in this opinion. Outside of this admission, there is no other evidence. While she testified to having gone to a physician after the alleged assault, the physician could find nothing on her body, nor did she find any substance or matter on her body, or any injury on which a determination could be made that she had been assaulted.

The police officer also testified to having confronted the defendant with the complainant, and that the defendant was silent and did not deny complainant's charge.

This evidence, in my opinion, falls far short of being sufficient to justify the filing of the information.

Section 395 of the Code of Criminal Procedure states that " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, * * * but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed."

I find from a reading of the minutes that there was no other evidence before the Grand Jury in addition to the alleged admission.

There was a time in this State when the failure on the part of an accused to deny a charge against him might be used against him. However, this is no longer the rule in this State. The law on this subject was at one time in great confusion. However, the confusion no longer exists.

In *People* v. *Rutigliano* (261 N. Y. 103), Chief Judge POUND said: " The question when it would be proper for one accused to remain silent arose later. It was held that defendant's silence could constitute no admission when he was accused in a language he did not understand and he did not know he was being accused (*People* v. *Cascone*, 185 N. Y. 317; *People* v. *Lewis*, 238 N. Y. 1, 5); or when statements were made in the course of judicial proceedings (*People* v. *Willett*, 92 N. Y. 29); or when accused was unconscious or shamming unconsciousness (*People* v. *Koerner*, 154 N. Y. 355); or when the district attorney sought to examine him and he refused to answer by advice of counsel (*People* v. *Conrow*, 200 N. Y. 356, 367); or when silence was enjoined. (*People* v. *Kennedy*, 164 N. Y. 449.) These cases and others, hold that proof of such declarations made in the presence of the accused, even when competent, is dangerous evidence which should always be received with caution and only under such circumstances as would justify an inference of assent from the fact that the accused remained silent.

" In *People* v. *Smith* (172 N. Y. 210, 234) and in *People* v. *Marendi* (213 N. Y. 600, 613) the court said that silence could not be construed as an admission when accused was under arrest and that he was not then called upon to speak or deny an accusation, thus adopting the law as laid down in the Massachusetts case of *Commonwealth* v. *McDermott* (123 Mass. 440) and in other jurisdictions (*McCarthy* v. *United States*, 25 Fed. Rep. [2d] 298; Wigmore on Evidence [2d ed.], § 1072) as authority for the rule." (See, also, *People* v. *Dolce*, 261 N. Y. 108.)

A case somewhat similar to the case at bar is *People* v. *Srebnik* (140 Misc. 694) where Judge FRESCHI said: " There is much hearsay evidence before the grand jury that certainly could not be received at a trial; and it is incumbent upon the district attorney to establish proof of the *corpus delicti*. (*People* v. *Glass*, 191 App. Div. 483; Underhill Crim. Ev. [3d ed.] § 37.) Such proof is absent in this record. Admissions or alleged confessions are insufficient to warrant a conviction without additional

evidence that the crime charged has been committed. (Code Crim. Pro. § 395; *People* v. *Roach,* 215 N. Y. 592; *People* v. *Deacons,* 109 id. 374; *People* v. *Burness,* 178 id. 429; *People* v. *Jaehne,* 103 id. 182; *People* v. *Gillman,* 161 App. Div. 920.)''

The Appellate Division, Second Department, in the case of *People* v. *Van Aalst* (211 App. Div. 861), stated: '' It was necessary, to warrant a conviction, that the fact of the assault should be proved by evidence from another source than the defendant's confession. The record is barren of any such proof, save the circumstances that the complainant had reported the defendant to the school authorities for an infraction of the rules, and that the defendant was present at the scene of the alleged assault. (*People* v. *Roach,* 215 N. Y. 592, 600; *People* v. *Krauss,* 192 App. Div. 403.)''

Being convinced of the fact that the evidence offered is insufficient to justify either a conviction or an information or an indictment, the defendant is entitled to receive the favorable consideration of this court on his application. The motion is granted.