COMMONWEALTH *vs.* DENNIS McDERMOTT & another.

Suffolk.    Nov. 26. — Dec. 31, 1877.    COLT & LORD, JJ., absent.

A person who is held in custody on a charge of crime jointly with another person is not called upon to contradict statements prejudicial to him, made in his presence by the other person, in answer to inquiries made by an officer; and such statements, though not contradicted by him, are not admissible in evidence against him.

INDICTMENT against Dennis McDermott and Michael Malone, charging them with larceny of a watch from the person of Charles H. Fessenden. Trial in the Superior Court, before *Wilkinson,* J., who allowed a bill of exceptions in substance as follows :

It appeared that the defendants, after their arrest, were searched in the station-house, and the watch was found upon McDermott; that the officer then, in the presence and hearing of Malone, asked McDermott how he came by the watch ; that he replied, Malone gave it to him; and that Malone said nothing.

Malone then asked the judge to rule that this evidence should have no bearing against him. This the judge declined to do, and instructed the jury that it was a question for them, whether the conduct and silence of Malone was an admission of the truth of the answer of McDermott; and, if so, it was evidence for them to consider, giving it such weight as they thought it deserved ; otherwise, it was to be rejected in considering the case of Malone.

The jury returned a verdict of guilty against both defendants and the defendant Malone alleged exceptions.

*C. J. Brooks,* for the defendant Malone.

*W. C. Loring,* Assistant Attorney General, ( *C. R. Train,* Attorney General, with him,) for the Commonwealth.

SOULE, J. The defendant Malone, while held in custody, had a right to keep silence as to the crime with which he was charged, and all circumstances connected with it, and was not called upon to reply to or contradict any statements made in his hearing. No inference against him was warranted by his failure to deny the truth of what McDermott said to the officer. *Commonwealth* v. *Kenney,* 12 Met. 235. *Commonwealth* v. *Walker,* 13 Allen, 570. The conversation between the officer and McDermott was therefore inadmissible against Malone, and he was entitled to the ruling asked for. The learned judge who tried the case erred in submitting to the jury the question whether the silence of Malone was an admission of the truth of the answer of McDermott, and the entry must be

*Exceptions sustained.*