On Application for Rehearing.
Bermudez, C. J.
The State has applied for a rehearing on the ground that we have committed a.11 error in stating that Corporal Driscoll said to the prisoner, “be quiet, be still; ” that the words were addressed to the wounded man and not to the prisoner.
The bill of exception is silent on that subject; but it is immaterial whether the words were addressed to the wounded man, because the declaration previously made by the latter to the prisoner, who was then in custody, could not be admitted in evidence, as it was not a dying declaration, and it is not jiretended it was. Such a declaration could have produced an effect and be admissible only if it was a dying declaration.
Prom the fact that a declaration of guilt was made in the presence of an accused, it cannot be inferred, if the prisoner does not answer, that his silence is an admission, unless he was not in the custody of the law, and it was not in the course of a judicial inquiry. The declaration in this case could not have been admitted, unless for the purpose of proving a confession of guilt on the part of the imsoner, to be inferred from his silence on the occasion.
Where a man is at full liberty to speak, and not in the course, of a judicial inquiry is charged with a crime and remains silent, that is, makes no denial of the accusation by word or gesture, his silence is a circumstance which may be left to the jury. Such silence, however, cannot be treated as an absolute admission. The rule does not apply to silence at a judicial hearing. So it is as to statements made in the presence of one under arrest on a criminal charge, to which the prisoner makes no reply. Wharton on C. L. § 696; 13 Allen, 570, and other authorities; also, 12 Met. 235; 123 Mass. 440. The statement in this case not forming part of the res gestee, and not being a dying declaration, should not have gone to the jury. Wharton, C. L. $ 680.
Rehearing refused.
Levy, J., absent.