THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICHOLAS RUTIGLIANO, Appellant, Impleaded with MARCUS BLUMENTHAL, ALBERT SILEO, THEODORE ADINOLFI and BETTY STEWART GREEN, Defendants.

(Submitted January 16, 1933; decided February 28, 1933.)

*Jacob A. Segal* for appellant. The court committed error affecting the substantial rights of the defendant in

permitting the introduction and use against the defendant of evidence which was illegal and prejudicial. (*People* v. *Smith*, 172 N. Y. 210; *People* v. *Marendi*, 213 N. Y. 600; *People* v. *De Paulo*, 235 N. Y. 39; *People* v. *Conrow*, 200 N. Y. 356; *People* v. *Sobieskoda*, 235 N. Y. 411; *People* v. *Collins*, 235 N. Y. 355; *People* v. *Sanacory*, 234 App. Div. 628; *People* v. *Infantino*, 224 App. Div. 193; *People* v. *Frasco*, 187 App. Div. 299; *People* v. *Purtell*, 243 N. Y. 273.) The court committed error affecting the substantial rights of the defendant in refusing to charge the jury as requested. (*People* v. *Montesanto*, 236 N. Y. 396; *People* v. *Odell*, 230 N. Y. 481.)

*Thomas C. T. Crain, District Attorney* (*Felix C. Benvenga* and *Leroy Mandle* of counsel), for respondent. Testimony as to the silence of defendant-appellant was admissible against him as conduct warranting the inference of an implied acquiescence in the truth of the statements made by a co-defendant. (*Kelley* v. *People*, 55 N. Y. 565.) If the preliminary statements were not admissible, the error, if any, in their reception, was cured by the subsequent introduction of competent testimony. (*People* v. *Trybus*, 219 N. Y. 18; *People* v. *Mather*, 4 Wend. 229.)

POUND, Ch. J. The indictment charges the kidnapping of Charles M. Rosenthal on August 11, 1931, and accuses four persons besides the appellant, namely: Marcus Blumenthal, alias John Markham, Albert Sileo, alias John Rocco, Theodore Adinolfi, alias "Teddy," alias "Harry," Betty Stewart Green, alias Selma Gross. All the defendants were tried together and, with the exception of Betty Green, were convicted.

The principal question involved on this appeal relates to the admissibility and effect of statements made by defendant Blumenthal in the presence of the appellant.

There is no question of the sufficiency of the evidence against appellant. He confessed to a substantial participation in the crime. He, however, remained silent when

Blumenthal made statements, when both were in custody at police headquarters, which statements implicated appellant as the leader and instigator and master mind of the plot to kidnap Rosenthal. The admissibility of these statements against appellant was objected to but the objection was overruled and the court substantially charged the jury that such statements in connection with appellant's silence were evidence against him which might be considered by it as tending to show guilty participation in the crime.

The learned court in holding that the silence of appellant in such circumstances was evidence against him, permitting the inference of an implied acquiescence in the truth of Blumenthal's statements, seems to have followed the rule laid down in *Kelley* v. *People* (55 N. Y. 565, 571, 572) where the court said broadly that: " Where an individual is charged with an offence, or declarations are made, in his presence and hearing, touching or affecting his guilt or innocence of an alleged crime, and he remains silent *when it would be proper for him to speak*, it is the province of a jury to interpret such silence, and determine whether his silence was, under the circumstances, excused or explained. * * * *It is no objection to the admission of the declarations of the accused, as evidence, that they are made while he is under arrest, and his admission, either express or implied, of the truth of a statement made by others under the same circumstances is equally admissible. His conduct and acts, as well when in custody as when at large, may be given in evidence against him, and their cogency as evidence will be determined by the jury.*"

The question when it would be proper for one accused to remain silent arose later. It was held that defendant's silence could constitute no admission when he was accused in a language he did not understand and he did not know he was being accused (*People* v. *Cascone*, 185 N. Y. 317; *People* v. *Lewis*, 238 N. Y. 1, 5); or when statements were made in the course of judicial proceedings (*People* v. *Willett*, 92 N. Y. 29); or when accused was unconscious or

shamming unconsciousness (*People* v. *Koerner*, 154 N. Y. 355); or when the district attorney sought to examine him and he refused to answer by advice of counsel (*People* v. *Conrow*, 200 N. Y. 356, 367); or when silence was enjoined. (*People* v. *Kennedy*, 164 N. Y. 449.) These cases and others hold that proof of such declarations made in the presence of the accused, even when competent, is dangerous evidence which should always be received with caution and only under such circumstances as would justify an inference of assent from the fact that the accused remained silent.

In *People* v. *Smith* (172 N. Y. 210, 234) and in *People* v. *Marendi* (213 N. Y. 600, 613) the court said that silence could not be construed as an admission when accused was under arrest and that he was not then called upon to speak or deny an accusation, thus adopting the law as laid down in the Massachusetts case of *Commonwealth* v. *McDermott* (123 Mass. 440) and in other jurisdictions (*McCarthy* v. *United States*, 25 Fed. Rep. [2d] 298; Wigmore on Evidence [2d ed.], § 1072) as authority for the rule.

The Massachusetts rule is stated as follows: " A person who is held in custody on a charge of crime, jointly with another person is not called upon to contradict *statements* prejudicial to him, made in his presence by the other person, in answer to inquiries made by an officer; and such statements, though not contradicted by him, are not admissible as evidence against him." (*Commonwealth* v. *McDermott, supra.*)

This is not in accord with the rule as broadly stated in the *Kelley Case* (*supra*). The statement made in the later New York cases is *dictum*, but well-considered *dictum*. Although these cases do not in terms reject the rule laid down in the *Kelley* case they are inconsistent with it. To avoid confusion we must take it that New York has adopted the Massachusetts rule as stated above. It is a wise rule. Although Wigmore (*supra*, p. 560) calls

it " a rule of thumb " it is at least simple and certain. No cautious person, when in custody, accused of crime would care to enter into a discussion of his guilt or innocence with his captors and co-defendants, when what he said might be used against him. It cannot be said that " the declaration was [in such circumstances] in substance a challenge to [him] to assert [his] innocence if [he] were not guilty." (*Kelley* v. *People, supra,* at p. 573.) He is then under no duty to speak and his silence should not be counted as giving assent to what he hears. · If he had counsel, he would doubtless be advised not to talk. If he had not, he should not be prejudiced thereby.

It does not follow that the judgment of conviction must be reversed. The error was cured by the subsequent introduction of competent evidence (*People* v. *Trybus,* 219 N. Y. 18, 23) of voluntary confessions, so that no substantial right of defendant was prejudiced. In this case such error should be disregarded. (Code Crim. Pro. § 542.)

Requests to charge in the language of judicial opinions as to the weight of statements of accused when under arrest were properly refused. The idea that the language of a judicial opinion in one case has any peculiar sanctity as applied to another case is quite without foundation. Judicial opinions are written to guide the judge as to the law, not to standardize the language to be used in instructions to the jury.

The judgment should be affirmed.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.