THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* EMIL DOLCE, Appellant, Impleaded with LOUIS
GALLO and WILLIAM RUSSO, Defendants.

(Argued January 24, 1933; decided February 28, 1933.)

*Louis J. Barrish* and *Robert D. Fleming* for appellant.
Error was committed in the ruling that the statement
or confession, alleged to have been made by a co-defendant,
after the arrest of the three defendants, was admissible
against the appellant. (*People* v. *McQuade,* 110 N. Y.
284; *People* v. *Kief,* 126 N. Y. 661; *People* v. *Peckens,*
153 N. Y. 576; *People* v. *Kennedy,* 164 N. Y. 456; *Spencer*
v. *Read,* 217 Fed. Rep. 508; *Kelley* v. *People,* 55 N. Y. 565;
*People* v. *Smith,* 172 N. Y. 234; *People* v. *Marendi,*
213 N. Y. 613.)

*William F. X. Geoghan, District Attorney* (*Henry J. Walsh* of counsel), for respondent.   The co-defendant's accusations against the appellant were competent testimony from which the appellant's guilty participation in the conspiracy might be inferred from his failure to deny them.   (*Kelley* v. *People,* 55 N. Y. 565; *People* v. *Cascia,* 191 App. Div. 376.)

*Per Curiam.*   Evidence of appellant's silence while under arrest when incriminating statements were made in his presence by his co-defendant Russo in reply to a police officer was received in reliance on *Kelley* v. *People* (55 N. Y. 565, 572–574) as admissions of the truth of such statements sufficient to establish appellant's guilty participation in the conspiracy.

While the objection was not directed specifically to this point, the exception to the ruling under which the statements were received was sufficient to raise the question.

In *People* v. *Rutigliano* (261 N. Y. 103) we have held that a person in custody on a charge of crime jointly with another person is not called upon to contradict statements prejudicial to him, made in his presence by the other person, in answer to inquiries made by an officer; and that such statements, though not contradicted by him, are not admissible in evidence against him.

This evidence was relied on to secure a conviction and its reception was material error.

The judgment should be reversed and a new trial ordered.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment reversed, etc.