THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS GAGLIONE, Appellant.

Rhodes, Crapser and Bliss, JJ., concur. The guilt of the defendant is clearly and convincingly established by evidence properly in the case, and any errors in the reception of evidence are disregarded as not affecting the substantial rights of the defendant. (See Code Crim. Proc. § 542.) Heffernan, J., dissents, with an opinion in which Hill, P. J., concurs.

HEFFERNAN, J. (dissenting). Defendant has appealed from a judgment of the Rensselaer County Court convicting him of the crime of sodomy. His counsel has pressed upon us several grounds which he contends require a reversal of this judgment. We have carefully examined them all and find, with one exception, that they are devoid of merit. The People's proof indicates that defendant committed a most atrocious crime in a most revolting manner. Reluctantly, however, I have concluded that it is the duty of our court to direct a new trial.

The record establishes that the judgment is tainted with legal error so serious and so prejudicial in character that the protection of defendant's rights makes its annulment imperative.

Upon the trial the prosecution was permitted to prove over objection and exception that shortly after the commission of the crime, and at the place where it occurred, defendant was apprehended by two police officers and that in the presence of these officers the complaining witness accused him of perpetrating the offense and that in the face of that accusation he remained silent. The complaining witness testified to this occurrence and each of the police officials gave like testimony. It is unnecessary to emphasize what effect this evidence must have had on the jury.

The rule in this State formerly was that where, on being accused of crime, with full liberty to speak, one remained silent, his failure to reply or deny was relevant as tending to show his guilt; and the accusatory or incriminating statement was admissible, not as evidence of the truth of the facts stated, but to show accused's admission by silence. It cannot be doubted that silence, when one ought to speak, is often as significant as an express admission. *Kelley* v. *People* (55 N. Y. 565) is the leading case holding that such evidence is competent. The question was directly in issue there and the Court of Appeals held that where declarations are made in the presence and hearing of the accused touching or affecting his guilt or innocence, " and he remains silent when it would be proper for him to speak," it is the province of the jury to interpret the silence. In announcing the rule the court said: " It is no objection to the admission of the declarations of the accused, as evidence, that they are made while he is under arrest, and his admission, either express or implied, of the truth of a statement made by others under the same cir-

cumstances is equally admissible. His conduct and acts, as well when in custody as when at large, may be given in evidence against him, and their cogency as evidence will be determined by the jury."

The rule in the *Kelley* case was followed by courts of criminal jurisdiction for many years. In effect it was sanctioned by the Court of Appeals in *People* v. *Ferrara* (199 N. Y. 414). There are, however, two *dicta* directly to the effect that such evidence is not competent. One is found in *People* v. *Smith* (172 N. Y. 210); the other in *People* v. *Marendi* (213 id. 600).

The Massachusetts cases are authority for the proposition that the silence, in the face of charges against him, of a person under arrest is incompetent as an admission. In the opinion of the court in *Commonwealth* v. *Kenney* (12 Metc. 235) Chief Justice Shaw said: " The subsequent statement, if made in the hearing of the defendant, (of which we think there was evidence), was made whilst he was under arrest, and in the custody of persons having official authority. They were made, by an excited, complaining party, to such officers, who were just putting him into confinement. If not strictly an official complaint to officers of the law, it was a proceeding very similar to it, and he might well suppose that he had no right to say any thing until regularly called upon to answer. We are therefore of opinion that the verdict must be set aside and a new trial granted."

Again, in *Commonwealth* v. *McDermott* (123 Mass. 440) the same court reiterated the rule in the following language: "A person who is held in custody on a charge of crime jointly with another person is not called upon to contradict statements prejudicial to him, made in his presence by the other person, in answer to inquiries made by an officer; and such statements, though not contradicted by him, are not admissible in evidence against him."

Our Court of Appeals in two recent decisions handed down on the same day (*People* v. *Rutigliano*, 261 N. Y. 103, and *People* v. *Dolce*, Id. 108) has now adopted the Massachusetts rule and repudiated the doctrine in the *Kelley* case. In the *Rutigliano* case the court, speaking through Chief Judge Pound, in referring to the Massachusetts rule, said: " This is not in accord with the rule as broadly stated in the *Kelley* case." Evidently having in mind what was said in the *Smith* and *Marendi* cases the chief judge commented: " The statement made in the later New York cases is *dictum*, but well-considered *dictum*. Although these cases do not in terms reject the rule laid down in the *Kelley* case they are inconsistent with it."

Continuing, the learned judge wrote: " To avoid confusion we must take it that New York has adopted the Massachusetts rule as stated above. It is a wise rule. Although Wigmore [on Evidence (2d ed.), p. 560] calls it ' a rule of thumb,' it is at least simple and certain. No cautious person, when in custody, accused of crime would care to enter into a discussion of his guilt or innocence with his captors and co-defendants, when what he said might be used against him. It cannot be said that ' the declaration was (in such circumstances) in substance a challenge to [him] to assert [his] innocence if [he] were not guilty.' ( *Kelley* v. *People*, *supra*, at p. 573.) He is then under no duty to speak and his silence should not be counted as giving assent to what he hears. If he had counsel, he would doubtless be advised not to talk. If he had not, he should not be prejudiced thereby."

The decision of the Court of Appeals in the *Rutigliano* case is the law of the State today. It is our duty to follow it.

The case before us was tried and submitted to the jury on an erroneous theory. The authorities which we have cited were not called to the attention of the learned trial court, and are not referred to on the argument and do not appear in the briefs of counsel.

It is thus apparent that the learned trial judge assumed that the doctrine in the *Kelley* case was still the law.

We cannot permit ourselves to be swayed by the argument that this defendant is guilty. He may be. The meanest criminal in the land, however, is entitled to a fair trial, a trial in accordance with law. The error in this record is too substantial, too pernicious, to be ignored. This judgment is fraught with fatal error and it is our solemn duty to set it aside.

The judgment should be reversed and a new trial granted.

Hill, P. J., concurs.