THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LUDWIG LUFT, Appellant.

First Department, April 5, 1940.

*Addison B. Scoville* of counsel [*James T. Neary*, attorney], [for the appellant.

*Sol. Boneparth* of counsel [*Herman J. Fliederblum* with him on the brief; *Samuel J. Foley, District Attorney*], for the respondent.

PER CURIAM. The trial court, over objection and exception, erroneously permitted the People to elicit from defendant, upon cross-examination, the fact that when under arrest defendant had refused to answer any questions concerning his relations with the two complaining witnesses. It is the rule in this State that a defendant under arrest is under no duty to speak or to deny any accusation made against him. Testimony of silence of the defendant as an admission in such circumstances constitutes error. (*People* v. *Rutigliano*, 261 N. Y. 103, 106, 107; *People* v. *Dolce*, Id. 108; *People* v. *Marendi*, 213 id. 600, 613; *People* v. *Smith*, 172 id. 210, 234. Cf. also *Commonwealth* v. *McDermott*, 123 Mass. 440; *Bulfer* v. *People*, 141 Ill. App. 70, 77; *McCarthy* v. *United States*, 25 F. [2d] 298.) Defendant was adjudged guilty by the vote of a divided court. His guilt was not so clearly established by other evidence in this case as to justify the conclusion that this error was harmless. The judgment of conviction should accordingly be reversed and a new trial ordered.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.; O'MALLEY, J., dissents and votes to affirm.

O'MALLEY, J. (dissenting). Without claim that insufficient *competent* evidence was received to justify the court's finding of guilt, the judgment of conviction is to be reversed on the sole ground that, over proper objection and exception, there was received into evidence testimony that, when under arrest, the defendant had refused to answer questions concerning his relations with two of the People's witnesses. The point is one not urged by defendant's attorney and trial counsel of long experience in the criminal law.

This evidence, assuming it was received, was educed on cross-examination of defendant in an endeavor to show prior statements inconsistent with his testimony on the trial. Unquestionably such evidence would have been competent. Recognizing in

ordinary cases the force of the rule assigned for reversal, it seems to me that it was not here violated. However, assuming it was, the error was immaterial under all the facts and circumstances, and should be disregarded.

In the first place, as already noted, the evidence was brought out on proper cross-examination. When objection was made, and even without objection, the question as to defendant's failure to speak while under arrest was not pressed. It is to be noted, moreover, that there was no jury present which might be misled by this evidence or erroneous instructions in relation thereto as in the cases relied upon for reversal.

Here the impropriety, if such it was, of receiving the evidence was called to the attention of the trial justices. They, moreover, had evidence before them that upon his arrest defendant had been instructed not to answer any question until he had received the advice of counsel. In the circumstances, there being no jury present, the incompetent evidence complained of being slight, the line of questioning having not been pressed and there having been other and competent evidence more than sufficient to justify the finding of guilt, I am of opinion that, if error was committed, it was immaterial and should be disregarded. (Code Crim. Proc. § 542; *People* v. *Rutigliano*, 261 N. Y. 103, 107; 235 App. Div. 542.)

I, therefore, dissent and vote for affirmance of the judgment of conviction.

Judgment reversed and a new trial ordered.