THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES ABEL, SAM DONDE and PERRY ALDAN, Appellants.

Argued November 16, 1948; decided January 13, 1949.

*Ellsworth Baker* for Charles Abel and Sam Donde, appellants. The trial court erred in holding that statements made by one defendant in the presence of the other defendant were binding upon both and could be received in evidence. (*People* v. *Rutigliano,* 261 N. Y. 103; *People* v. *Cascone,* 185 N. Y. 317; *People* v. *Lewis,* 238 N. Y. 1; *People* v. *Willett,* 92 N. Y. 29; *People* v. *Koerner,* 154 N. Y. 355; *People* v. *Conrow,* 200 N. Y. 357; *People* v. *Kennedy,* 164 N. Y. 449; *People* v. *Smith,* 172 N. Y. 210; *People* v. *Marendi,* 213 N. Y. 600; *People* v. *Pignataro,* 263 N. Y. 229; *People* v. *Luft,* 259 App. Div. 222.)

*George H. Rosen* for Perry Aldan, appellant. The admission in evidence of testimony that the defendants refused to speak and to answer questions of police officers while they were under arrest, was prejudicial and contrary to law. (*People* v. *Rutigliano*, 261 N. Y. 103; *People* v. *Dolce*, 261 N. Y. 108; *People* v. *Pignataro*, 263 N. Y. 229; *People* v. *Marendi*, 213 N. Y. 600; *People* v. *Mleczko*, 298 N. Y. 153.)

*Ben Newberg, District Attorney,* for respondent. Admission in evidence of statements of conversation of the defendants made in each other's presence was not prejudicial and contrary to law.

LEWIS, J.   The three defendants stand convicted under an indictment by a Grand Jury of the County of Sullivan which accused them of grand larceny, first degree (Penal Law, § 1294, subd. 1). A bill of particulars filed by the District Attorney (Code Crim. Pro., § 295-g) alleges " that the defendants acting together and in concert did take from the person of one Nicholas George Kondos at or about three o'clock in the morning, the sum of ninety ($90.) dollars in United States Currency."

The three defendants were tried together. Upon that trial — during which no one of the defendants either confessed to the crime charged or took the stand as a witness in his own behalf — the People called as a witness a sergeant of the State Police who testified that after the defendants Aldan and Abel had been taken into custody they were questioned by him as to their whereabouts on the night when the crime was committed. As to questions he addressed to the defendant Aldan the witness stated on direct examination " I questioned Aldan about where he had been the night before — *he refused to answer* ". And at a later point in his direct examination the witness stated — " After they [the defendants Aldan and Abel] were returned to Ferndale, we attempted to take statements from them as to their activity and *they refused to answer all questions, and stated ' they had to protect themselves, and if they talked, they might be in trouble.' " (Emphasis supplied.)

When the testimony quoted above was challenged by motions to strike the same from the record, the Trial Judge ruled — " I think the witness has a right to say what conversation he had with either or any of these defendants and it can only be used against the defendants who were present at the time of the conversation."

We think that ruling transgressed a principle now firmly established in the law of this State that " a person in custody accused of a crime is under no duty to speak and that his silence should not be counted as giving assent." (*People* v. *Pignataro*, 263 N. Y. 229, 236; and, see, *People* v. *Rutigliano*, 261 N. Y. 103, 105–107; *People* v. *Dolce*, 261 N. Y. 108, 109; *People* v. *Marendi*, 213 N. Y. 600, 613; *People* v. *Mleczko*, 298 N. Y. 153, 159–160.) A statement of that rule, which has peculiar application to the circumstances disclosed by the record before us, was made by Chief Judge POUND writing for this court in *People* v. *Rutigliano* (*supra*, p. 107): " No cautious person, when in custody, accused of crime would care to enter into a discussion of his guilt or innocence with his captors and co-defendants, when what he said might be used against him. * * * He is then under no duty to speak and his silence should not be counted as giving assent to what he hears. If he had counsel, he would doubtless be advised not to talk. If he had not, he should not be prejudiced thereby."

The record makes it clear that the defendant Donde was not present when the sergeant questioned the defendants Aldan and Abel. That fact prompted the Trial Judge to instruct the jury that the sergeant's testimony — descriptive of what occurred during his examination of Aldan and Abel, in the absence of Donde — was not to be considered against the latter. However, we cannot say upon this record that the rights of the defendant Donde before the jury were not prejudiced thereby. On that phase of the case our concern is made more acute by the fact that counsel for Donde was one of those who moved to strike from the record that portion of the sergeant's testimony which related to " the refusal of these two defendants [Aldan and Abel] to answer questions ".

Believing, as we do, that the evidentiary ruling mentioned above was a material error which prejudiced the rights of the defendants Aldan and Abel, and may well have had an adverse effect upon the rights of the defendant Donde before the jury, we conclude that as to each defendant the judgment should be reversed and a new trial ordered.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.