FOURTH DEPARTMENT, NOVEMBER, 1954.

(November 10, 1954.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFRED TAYLOR, Appellant.

*Per Curiam.* The guilt or innocence of the defendant depends upon the issue of identification. The identification by the complainant is not too strong

due to the fact that when the defendant was apprehended on the sidewalk and before the purse was found by the police officer near the sidewalk, the complainant told the officer to let the defendant go. It is urged that two items of circumstantial evidence support the complainant's identification, viz.: (1) the finding of the purse by the officer near the place where the defendant was apprehended; and (2) the testimony of the police officer that Mr. Billone came into the police station with a green wallet and stated in the presence of the defendant that he had found it in the back seat of his car where the defendant was sitting as he rode to the police station.

In order to permit an inference to be drawn from the circumstance of the finding of the green wallet in the seat of the car where defendant was sitting, that fact must be established by direct proof (*People* v. *Fitzgerald*, 156 N. Y. 253, 258; *People* v. *Razezicz*, 206 N. Y. 249, 269). Here, there was no direct proof that the green wallet was found on the seat of the car in which defendant rode to the police station. Defendant's failure to deny or offer any explanation of the statement made by Mr. Billone in his presence may not be construed as an admission by him because he was at the time in the police station and under arrest and under no obligation to make reply to any accusatory statements (*People* v. *Rutigliano*, 261 N. Y. 103; *People* v. *Allen*, 300 N. Y. 222; *People* v. *Mleczko*, 298 N. Y. 153, 160).

Defendant's admissions on the witness stand at the trial are admissions only that Billone made the statement attributable to him. There is no admission as to the truth of the statement. Billone wasn't a witness at the trial. Defendant denies that he ever had the wallet in his possession or that he left it in the car. There is no proof that the green wallet was found in the car. The County Court erroneously assumed that the fact that the green wallet was found in the car had been established. He charged the jury: " In other words, from the finding of this wallet in the back seat of the automobile, the Court gives you the right to infer, in view of all the facts and circumstances, that that wallet came off the person of this defendant after the officer placed him in the automobile."

The judgment of conviction should be reversed and a new trial ordered.

All concur. Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

Judgment of conviction reversed on the law and a new trial granted.