THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ISAAC NAMER, Also Known as DAVID GROSSMAN, Appellant.

Argued November 16, 1955; decided January 12, 1956.

*Solomon A. Klein* for appellant. I. Appellant was swamped by a mass of incompetent and highly prejudicial evidence showing that he was an escaped parole violator who thwarted apprehension for four years by concealing his identity under assumed names; who refused, when arrested, to reveal where he had been, what he had been doing, and whether he had committed any other crimes, and who owned a pile of tools and other equipment physically exhibited to the jury. All this was admitted, over repeated objection, as part of the People's case. (*People* v. *Tumminaro,* 242 App. Div. 501; *People* v. *De Santis,* 305 N. Y. 44; *People* v. *Wolf,* 183 N. Y. 464; *People* v. *Sickles,* 156 N. Y. 541; *People* v. *Abel,* 298 N. Y. 333; *People* v. *Pignataro,*

263 N. Y. 229; *People* v. *Rutigliano*, 261 N. Y. 103; *People* v. *Zackowitz*, 254 N. Y. 192.) II. The evidence was insufficient as a matter of law to warrant submission of the case to the jury. (*People* v. *Persce*, 204 N. Y. 397; *People* v. *Leavitt*, 301 N. Y. 113; *Union Trust Co.* v. *Wilson*, 198 U. S. 530; *People* v. *Brenneauer*, 101 Misc. 156; *People* v. *Tumminaro*, 242 App. Div. 501.)

*Frank A. Gulotta, District Attorney (Henry P. De Vine* of counsel), for respondent. I. The guilt of defendant was established beyond a reasonable doubt. (*People* v. *Persce*, 204 N. Y. 397; *People* v. *Russo*, 303 N. Y. 673; *People* v. *Leavitt*, 301 N. Y. 113; *People* v. *Wolosky*, 296 N. Y. 236; *People* v. *Fitzgerald*, 156 N. Y. 253; *People* v. *Ferraro*, 161 N. Y. 365; *People* v. *Conroy*, 97 N. Y. 62; *People* v. *Daghita*, 299 N. Y. 194.) II. Evidence of defendant's escape and concealment from a parole officer was admissible as proof of defendant's motive for possessing the weapon. (*People* v. *Molineux*, 168 N. Y. 264; *People* v. *Zackowitz*, 254 N. Y. 192; *People* v. *Scott*, 153 N. Y. 40; *People* v. *Fitzgerald*, 156 N. Y. 253.) III. Evidence of ownership of the tools was relevant. (*People* v. *Nitzberg*, 287 N. Y. 183; *People* v. *Richardson*, 222 N. Y. 103; *People* v. *Wilson*, 7 App. Div. 326, 151 N. Y. 403; *People* v. *Leavitt*, 301 N. Y. 113; *People* v. *Buchalter*, 289 N. Y. 181.) IV. Evidence of defendant's conduct while in custody was not prejudicial. (*People* v. *Abel*, 298 N. Y. 333; *People* v. *Fernandez*, 35 N. Y. 49; *People* v. *Becker*, 215 N. Y. 126, 215 N. Y. 721; *People* v. *Green*, 201 N. Y. 172; *People* v. *Monat*, 200 N. Y. 308; *People* v. *Morse*, 196 N. Y. 306.)

Van Voorhis, J. Defendant has been convicted of possessing a pistol of a size which might be concealed on his person, without a written license therefor, in violation of subdivision 4 of section 1897 of the Penal Law. This crime is a felony in view of the circumstance that the indictment charged, and the jury found, that in 1940 defendant had been convicted of robbery in the first degree and of criminally possessing a dangerous weapon after a prior conviction.

A certificate of the 1940 conviction was received in evidence in order to establish the felonious nature of the possession of this weapon, in view of the language of the penal statute that

" if he has been previously convicted of any crime he shall be guilty of a felony."

This did not render admissible evidence that the defendant had violated his parole under the previous sentences by going for four years under an assumed name without reporting to the parole officer. Such evidence was received over defendant's objection in this case, and emphasized by the prosecuting officer in his opening and summation to the jury. The respondent does not argue that introduction of evidence that defendant was a parole violator would be harmless error if the ruling admitting it were erroneous, but argues instead that it was admissible to show that defendant had a motive for having a pistol in his possession. Respondent's brief states that " he possessed a weapon ' in expectation ' [*People* v. *Zackowitz* (1930), 254 N. Y. 192, 198] of the day when his true identity would be uncovered." This simply means that a man who is liable to arrest on an important criminal charge would be likely to possess a revolver in order to try to shoot his way out if he were to be apprehended by the police. The *Zackowitz* case (*supra*) tends to support the position of defendant-appellant. There a judgment was reversed convicting a defendant of murder in the first degree on account of error in admitting evidence that three pistols and a tear gas gun had been found in his apartment. " The end " says the opinion (pp. 196–197, per CARDOZO, Ch. J.), " was to bring persuasion that here was a man of vicious and dangerous propensities, who because of these propensities was more likely to kill with deliberate and premeditated design than a man of irreproachable life and amiable manners. Indeed, this is the very ground on which the introduction of the evidence is now explained and defended. * * * Inflexibly the law has set its face against the endeavor to fasten guilt upon him by proof of character or experience predisposing to an act of crime (Wigmore, Evidence, vol. 1, §§ 57, 192; *People* v. *Molineux*, 168 N. Y. 264). The endeavor has been often made, but always it has failed." The caveat (p. 198) is not in point in this case, that " A different question would be here if the pistols had been bought in expectation of this particular encounter. They would then have been admissible as evidence of preparation and design (Wigmore, Evidence, vol. 1, § 238; *People* v. *Scott*, 153 N. Y. 40)." In the *Scott* case (*supra*), the defendant had

pawned his revolver and redeemed it just before the homicide. This evidence was held to have been admitted properly, for the reason that " The purchase of a weapon with which a homicide is committed shortly before the fact, is always received to show that the accused had provided himself with the means of killing." (P. 49.) That is different from the present situation where the revolver that was discovered in the attic of defendant's garage was not used at all.

While there may be considerable doubt that motive is at all relevant in proving the crime here under consideration, a violation of subdivision 4 of section 1897 of the Penal Law, there can be no question that the proof here relied upon by the prosecution to supply evidence of motive bears no logical relationship to commission of the criminal act with which defendant was charged.

Whenever " motive is to be established it must be the motive which underlies the crime charged " and not some other crime (*People* v. *Molineux,* 168 N. Y. 264, 295). To be valid evidence of the commission of a crime, the motive attributed to the accused must have had a logical connection with the crime charged (*People* v. *Fitzgerald,* 156 N. Y. 253). In the latter case the theory was explained on which evidence of motive is relevant, as follows (p. 258): " It [motive] is resorted to as a means of arriving at an ultimate fact, not for the purpose of explaining the reason of a criminal act which has been clearly proved, but for the important aid it may render in completing the proof of the commission of the act when it might otherwise remain in doubt. With motives, in any speculative sense, neither the law nor the tribunal which administers it has any concern. It is in cases of proof by circumstantial evidence that the motive often becomes not only material but controlling, and in such cases the facts from which it may be inferred must be proved. It cannot be imagined any more than any other circumstance in the case. (*People* v. *Bennett,* 49 N. Y. 137; *People* v. *Owens,* 148 N. Y. 648; 1 Greenl. Ev. § 13.) "

In order to be admissible, evidence of motive must possess a " relation to the criminal act according to known rules and principles of human conduct " (*People* v. *Fitzgerald, supra,* pp. 258–259). " If it has not such relation, or if it points in one direction as well as in the other, it cannot be considered a

legitimate part of the proof '' (*People* v. *Fitzgerald, supra,* p. 259; *People* v. *Weiss,* 290 N. Y. 160, 164–165).

No cases have been cited, nor have any been discovered, holding that being a parole violator, or being otherwise subject to arrest for a previous offense, by itself constitutes or could be regarded by a jury as a motive to eke out circumstantial evidence that a particular defendant was, in fact, in possession of a revolver.

There was no dispute about defendant's identity as the man who was convicted under the 1940 indictment. Identity was not only admitted to the police officers, but had been proved by a pedigree statement, signed by appellant at the time of his arrest under the parole warrant which the prosecutor read to the jury. A criminal record was conceded in the opening by defendant's counsel.

The real purpose of the prosecution can hardly have been to establish either identity or motive, but was to convince the jury that defendant was a confirmed criminal living in opposition to duly constituted authority, having escaped from the supervision and control of the State Parole Board, and evaded arrest for a period of four years by concealing his identity under assumed names. The forbidden object of this proof was to establish that he had a propensity to commit the crime with which he was charged (*People* v. *Zackowitz, supra*).

Another error has been argued in the admission of evidence. The prosecution was permitted to prove over objection by defendant that he remained silent, when he was interrogated at the police station concerning whether he had been involved in other crimes in the area in which he had lived. Parole Officer Skobell testified that at the station '' Parole Officer Davis as well as Lieutenant Closs questioned him as to what he had been doing during the past several years since he had absconded from supervision '', the answer to which, it is true, was excluded upon an objection after '' absconded '' had been interjected by the witness in the presence of the jury, yet when Police Lieutenant Closs was called to the stand, the court reversed itself and allowed the following incompetent and prejudicial testimony to be introduced over objection by defendant, which remained in the record:

" Q. What was your conversation with him at that time?
A. I asked him where he had been and what he had  *  *  *
been doing, what he had been working at. *I asked him was he
involved in any other crimes in the area in which he lived.*

" Q. What were his replies to those things?  A. Very vague.
No answers at all.  *  *  *

" Q. Did you question him with reference to the use of the
name David Grossman?  A. I did not.

" Q. What were the replies to the other questions that you
told us?  *  *  *  A. No answers at all." (Italics supplied.)

This has been held to constitute reversible error (*People* v.
*Travato,* 309 N. Y. 382; *People* v. *Abel,* 298 N. Y. 333; *People*
v. *Pignatoro,* 263 N. Y. 229; *People* v. *Rutigliano,* 261 N. Y. 103).

We consider that the evidence was sufficient to warrant sub-
mission to the jury. The circumstance that this revolver was
wrapped in the folds of a tarpaulin belonging to defendant, on
which were piled numerous other articles also belonging to him,
was enough to establish a prima facie case against him, coupled
with his admission to Police Lieutenant Closs: " Well, if the
detectives say they found the gun there, I must have put it
there." It was material to receive evidence concerning where
this pistol was discovered, and evidence of the circumstances
became not less relevant for the reason that the jury may have
inferred that some of the articles with which the pistol was kept
were susceptible of use for criminal purposes. Their ownership
by defendant (whatever their nature may have been) was part
of the chain of circumstantial evidence tending to establish that
he likewise owned the revolver which the indictment charges
him with possessing.

Defendant's conviction is reversed on account of errors in
the admission of evidence and a new trial is ordered.

DESMOND, J. (concurring). I vote for reversal, but on a ground
which is broader than, but not necessarily inconsistent with, the
ground stated in this court's majority opinion. To prove a
" motive " for defendant's alleged violation of subdivision 4
of section 1897 of the Penal Law, the prosecutor was allowed
to show that defendant was a parole violator at the time. But
the statute makes it a crime merely to possess, without a license,
certain kinds of firearms. A violation thereof does not involve

or include any specific intent. Mere possession, otherwise licit, becomes a crime if the possessor does not have a license. "Motive" has no more to do with such a violation than with the unlicensed driving of an automobile, or the unlicensed possession of narcotics or explosives. True, there are New York cases, such as *People* v. *Connolly* (253 N. Y. 330, 341), which say that evidence tending to show the motive for a crime is "always admissible". But the crime itself must still be one to which a specific motive is reasonably assignable. If it be the law, as says the opinion in *People* v. *Fitzgerald* (156 N. Y. 253, 259), that evidence of motive, to be admissible, must have a "relation to the criminal act according to known rules and principles of human conduct", then any alleged motives are entirely outside the scope of investigation in cases like the one here under review. The dispute on this trial was as to the identity of the possessor of the unlicensed revolver. The coincidental circumstance that defendant was delinquent in reporting to his parole officer was twisted into proof that he, and not someone else, was the possessor.

CONWAY, Ch. J., FULD, FROESSEL and BURKE, JJ., concur with VAN VOORHIS, J.; DESMOND, J., concurs in a separate opinion; DYE, J., taking no part.

Judgments reversed and a new trial ordered.