Per Curiam.

Prejudicial error was committed by the trial court in allowing the prosecution to exploit the fact that defendant had not told the police, the Judge, the District Attorney and the Grand Jury that he was not driving his car at the time he was so charged, but that it had been driven by someone else. Defendant was under no duty to speak when in the custody of the authorities, and his failure to do so cannot be the basis of an inference of guilt on his part (People v. Rutigliano, 261 N. Y. 103, 106-107; People v. Dolce, 261 N. Y. 108; People v. Travato, 309 N. Y. 382, 386; People v. Namer, 309 N. Y. 458, 464; People v. Hyman, 308 N. Y. 794; People v. Allen, 300 N. Y. 222, 225; People v. Abel, 298 N. Y. 333; People v. Mleczko, 298 N. Y. 153; People v. Pignataro, 263 N. Y. 229).
*994 The, further references to this subject in the prosecutor’s summation aggravated the error, which error was not cured by the instruction of the trial court properly stating the applicable law.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Fkoessel, Van Voorhis and Burke concur.
Judgment reversed and a new trial ordered.