Dye, J.
The defendants have been convicted, after a jury trial, of grand larceny in the second degree, petit larceny, conspiracy and possession of burglar’s tools, committed in the course of a wholesale pilfering of dimes from public parking meters.
We have no hesitancy in saying that on this record the evidence is sufficient to sustain the defendants’ convictions. However, there must be a reversal and a new trial ordered for substantial error in the admission of evidence, not cured by either the rulings made at the time or the subsequent charge to the jury.
The proof establishes that on the evening of October 3, 1957, pursuant to certain wire-tap information, the arresting officers went to the vicinity of Third Avenue and 43rd Street, New York City, and there observed the defendants, who appeared to be tampering with parking meters. They kept them under surveillance and followed them to 56th Street, where they were seen to throw something into a trash basket. The defendants were then overtaken and arrested. At the time Bianculli had in his possession, among other things, 2,177 dimes and a key designed to open parking meters. A paper bag found in the trash basket at 56th Street contained 15 coin canisters; another coin canister was retrieved from a trash basket near 46th Street. On the trial, the People were allowed to show as part of their direct case that during the police interrogation, immediately after arrest, the defendants either had refused to answer a series of incriminating questions or had remained mute as well as having insisted upon consulting counsel. This showing was not confined to an isolated instance or an inadvertent improper question that under certain circumstances might well be overlooked as not affecting a substantial right of a defendant but, on the contrary, *472 was part of a persistent and repeated course of conduct which may not be overlooked. The defendants’ numerous objections were overruled and their motions for a mistrial denied with variously worded rulings to the general effect that questions were not evidence and that whether or not anyone said anything under certain circumstances was something for the jury to consider.
Persistent and repeated introduction of evidence of this type, for whatever purpose, cannot help but have the effect of implanting in the minds of the jury the impression that defendants’ refusals to answer were so inconsistent with innocence as to amount to admissions of guilt.
This case falls squarely within our recent ruling in People v. Travato (309 N. Y. 382) wherein we reiterated the right of a defendant to remain silent when questioned as to matters which might be used against him (cf. People v. Rutigliano, 261 N. Y. 103).
Since there is to be a new trial, it is unnecessary to devote any time to other alleged errors except to say that the wire-tap order issued by the Court of General Sessions was not improper merely because the subject telephone was located outside of New York County (People v. Feld; 305 N. Y. 322). We also wish to point out that the theft of the canisters, a lesser offense, should be deemed merged in the greater offense, the theft of the dimes.
The judgments appealed from should be reversed and a new trial ordered.
Chief Judge Desmond and Judges Fuld, Froessbl, Van Voorhis, Burke and Foster concur.
Judgments reversed, etc.