## (November 26, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ALLEN PRINCE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 28, 1962 after a jury trial, convicting him of (1) burglary in the third degree; (2) possession of burglar's instruments as a felony; (3) carrying and possessing a dangerous weapon as a felony; (4) assault in the second degree; and (5) violation of section 1851 of the Penal Law, a misdemeanor, and imposing sentence upon him as a second felony offender with respect to the first four crimes and suspending sentence with respect to the fifth. Defendant also appeals from intermediate orders and rulings. Judgment reversed on the law and a new trial ordered. No questions of fact were considered. Defendant was apprehended after a two and one-half block pursuit by the arresting officer, who fired two warning shots; even then, defendant escaped and was finally subdued when struck by the policeman's bullet in the defendant's left buttock. At the trial, the policeman identified the defendant as the person who committed the crimes for which he had been indicted. The policeman was also permitted to testify to his conversation with two bystanders who arrived on the scene after the defendant had been subdued. The policeman testified that, in the defendant's presence, one of the bystanders had told him (the policeman) that he (the bystander) had witnessed the chase and the firing of two shots in the air, and that the other bystander said that he had seen the defendant give the policeman " a hard time " as they proceeded to the police call box. It also appears that the defendant did not speak at any time during the policeman's conversation with the two bystanders, even though he (the defendant) was spoken to; and that he was lying face down in the street, wounded. Questions concerning the state of his consciousness at that time were objected to; but apparently such questions were then abandoned because the record contains no further development of that aspect of the trial. The policeman's conversations thus constituted hearsay evidence and not admissions, since no acquiescence may be inferred from the defendant's silence unless his physical capacity to hear and to understand be first established (*People* v. *Koerner*, 154 N. Y. 355; *People* v. *Allen*, 300 N. Y. 222). Moreover, since the defendant was already under arrest he had no obligation to respond to accusatory statements (*People* v. *Rutigliano*, 261 N. Y. 103). We view the admission of this hearsay evidence as prejudicial, requiring a new trial in the interests of justice. The crucial question of identification was presented; and it was required to be resolved upon the policeman's testimony alone. The policeman admitted that for an instant during the pursuit he "lost" the defendant; the policeman said that the defendant was not wearing certain of the clothing which a defense witness testified that the defendant *was* wearing on the night in question. Under all the circumstances, we cannot say that the statements of the two bystanders, which were erroneously received into evidence, did not, in the jurors' minds, serve to resolve against defendant the question of identification. No separate appeal lies from intermediate orders and proceedings and from rulings during the trial, all of which have been considered on the appeal from the judgment. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.