■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISRAEL RIVERA, Appellant.— Judgment of the Supreme Court, Kings County, rendered September 28, 1967, modified, on the law and the facts, so as to provide that the sentence is amended from imprisonment in the New York City Penitentiary for an indefinite period to imprisonment therein for one year, with credit for time served. As so modified, judgment affirmed. (See *People* v. *Monteleone*, 30 A D 2d 158). Beldock, P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARTON JAY SIEGEL, Appellant.— Judgment of the County Court, Suffolk County, rendered August 25, 1967 upon a jury verdict, reversed, on the law and the facts, and new trial ordered. In our opinion, the judgment must be reversed and a new trial ordered because of the erroneous admission of the oral confession testified to by Patrolman Heyen. After a pretrial hearing, the trial court ruled that the confession was voluntary and was obtained in accordance with defendant's constitutional rights, and was therefore admissible. However, we find that the confession was induced by the use of evidence obtained by an unlawful search and seizure (*People* v. *Rodriguez*, 11 N Y 2d 279). In addition, we deem the following to be error: (1) The admission of Patrolman Heyen's testimony that defendant's alleged accomplice made a statement in defendant's presence implicating him in the commission of the crime; defendant, who was in custody at the time, was under no duty to speak and his silence may not be deemed to constitute acquiescence in the statement (*People* v. *Rutigliano*, 261 N. Y. 103, 106); and (2) the admission of Detective La Grasse's testimony as to the oral confession made to Patrolman Heyen; this testimony was hearsay and improperly bolstered the latter's testimony and its admission into evidence may not be justified by reference to the cross-examination by defense counsel. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.