■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT VON WERNE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 28, 1975, convicting him of criminal possession of stolen property in the second degree (two counts), illegal possession of a vehicle identification number plate (two counts) and unauthorized use of a vehicle (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. The case is remitted to the Supreme Court, Queens County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Latham, Acting P. J., Christ, Brennan and Munder, JJ., concur; Margett, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: The arresting officer testified that when he first questioned defendant concerning the first stolen automobile body, he gave the *Miranda* warnings and defendant answered some questions. Defendant then refused to answer any further questions without his attorney being present. Objection to that testimony properly was taken. Defendant had the constitutional right to refuse to answer any further questions, absent the presence of his counsel. Whether the trial court should have granted the requested mistrial because of that testimony is questionable, but the testimony was inadmissible *(People v Rutigliano,* 261 NY 103). The trial court should have ordered the testimony stricken. The police officer further testified that after defendant had been asked two questions, after his arrest, concerning the other stolen automobile body, "he wouldn't talk to me any longer. He refused to talk to me." The court denied the application for a mistrial because of that volunteered statement, overruled the exception thereto and did not direct that the above testimony be stricken. Since the charge of criminal possession of the automobiles was based on circumstantial evidence, the trial court should have given the customary charge concerning the degree of proof necessary

to establish guilt thereby, notwithstanding the presence of substantial evidence to justify an inference of guilt. In the light of the above errors I hold that a new trial is warranted in this case. I have examined the other assignments of error and find no merit thereto, except that I note that, as contended by defendant and admitted by the District Attorney in his brief, section 70.06 of the Penal Law, mandating minimum punishment for second felony offenders, was not in effect when the subject felonies were committed.