Wachtler, J.
The defendant was convicted, after a jury trial, of two counts of criminally negligent homicide (Penal Law, § 125.10), one count of operating a motor vehicle while impaired (Vehicle and Traffic Law, § 1192) and one count of passing a stop sign (Vehicle and Traffic Law, § 1172). The court sentenced him to an indeterminate term of imprisonment for a maximum of three years. He argues that the trial court erred in its charge to the jury and that the error was of such a prejudicial nature as to require a reversal.
In the early morning hours of July 20, 1972, the automobile being driven by the defendant was involved in a head-on collision with another vehicle on Route 25A in Suffolk County. The occupants of the other vehicle, 19-year-old Andrew Nemeth, Jr., and 15-year-old Candace Harkins, were killed. The defendant was indicted in connection with the accident.
At the trial, the People called an eyewitness to the accident who testified that he had seen defendant’s car traveling on North Country Road toward the intersection of Route 25A. This witness also testified that the defendant failed to stop at the intersection stop sign and proceeded eastbound in the westbound lane of Route 25A at approximately 45 to 50 miles per hour. The witness also testified that Hommel’s car was weaving back and forth across the roadway and that it was in the westbound lane at the moment of impact. He, as well as another witness, stated that the weather conditions were clear and dry and that the section of road was clearly visible.
The People also called as witnesses four police officers who spoke with the defendant shortly after the accident. All four testified that the defendant’s eyes were bloodshot and that they smelled alcohol on his breath.
The defendant took the stand in his own behalf. He denied being intoxicated at the time of the accident, testifying that he had finished work at approximately 7:00 p.m. on the evening of July 19, 1972 and that he had consumed one beer in a local tavern between 7:00 and 9:00 p.m. He then left the bar and proceeded homeward, but he felt tired and so he pulled off the road and went to sleep. When he awoke he *429 proceeded along North Country Road toward the intersection of Route 25A. He admittedly failed to come to a complete stop at the stop sign and drove eastward on Route 25A. He thought he was in the eastbound lane when he saw the headlights of an oncoming car. He attempted to avoid the collision but was unable to do so.
On this appeal the defendant’s sole complaint concerns the trial court’s charge to the jury. He claims that reversible error was committed when the trial court, in its charge relating to criminal negligence, informed the jury that "[t]here have been decisions by our courts construing this section of the Penal Law [§ 15.05, subd (4), defining criminal negligence]. Let me read a few headnotes to you, as they appear in the book. In the case of People versus Haney, our Appellate Division held as follows in substance”. The trial court then proceeded to read two headnotes from that case and a headnote from a second case. These related primarily to pure statements of pertinent legal principles. The trial court then continued: "Let me read to you one further headnote. In the case of People against Buffington, again in 1967 our Appellate Division said: 'Evidence’—pertaining to that case, of course—'evidence of the defendant’s excessive speed and disregard of highway warning signs, and of the defendant’s crossing solid double pavement marking in no-passing zone, and driving on the left side of a highway in violation of law, was sufficient to support a finding in a prosecution for criminally negligent homicide, arising from a head-on collision, that the defendant acted with criminal negligence.’ ”
In this case the defendant was entitled to have the jury’s verdict based solely on the evidence adduced at this trial untainted by the inescapable influence which the trial court’s reference to the facts and holding of another case may have had (see Sheppard v Maxwell, 384 US 333, 351, 362).
The problem surrounding the reference to prior judicial opinions in a trial court’s charge to the jury is one that has plagued appellate courts for some time. While it may be proper in a charge to the jury for the trial court to quote from prior opinions where the quoted language artfully expresses general and well-recognized legal principles (see People v Breen, 181 NY 493; People v Minnaugh, 131 NY 563), such a practice is not to be countenanced where the effect might be to mislead the jury or unduly invade its province as the sole arbiter of questions of fact (see People v Rutigliano, 261 NY *430 103; People v Odell, 230 NY 481; People v Becker, 215 NY 126, mot for rearg den 215 NY 721).
The guilt or innocence of a defendant should be determined solely on the particular facts of the case being prosecuted. Hence, the trial court should not use the facts of reported cases as illustrations in his charge for a slight variance in the factual content of the cases might mislead the jury. While it is the right and duty of the trial court to charge the jury with respect to the applicable principles of law in a given case, this should in no way be construed as license to invade the province of the jury to pass upon the facts of the case. The jury must be left free to perform its function without the unnecessary interference of the trial court (see People v Mears, 251 Mich 359; State v Hester, 137 SC 145, 190).
In the instant case the potential impairment of the jury’s freedom to evaluate the testimony before it free from outside influences cannot be denied. In its charge the trial court made reference to a set of facts strikingly similar to those before the jury in this case and clearly stated that the Appellate Division had held that they were " 'sufficient to support a finding * * * that the defendant acted with criminal negligence.’ ” It cannot be gainsaid that because of this charge the jury might very well have felt compelled to reach a result in harmony with the conclusion apparently reached by the higher court in a previous case and that they may very well have been deprived of their freedom of action (see People v Ohanian, 245 NY 227, 230). In addition, we would but note that the excerpted language read to the jury was on its face misleading since it failed to adequately marshal all the facts present in the BuíRngton case and failed to indicate that the issue in that case was not whether the evidence was sufficient to sustain a conviction, but merely whether there was sufficient evidence to support an indictment.
Accordingly, the order of the Appellate Division should be reversed and a new trial granted.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order reversed, etc.